UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEFINO MARTINEZ

Plaintiff,

v.

CHAVEZ'S LAWN SERVICES, INC.

Defendant.

Case No.:

## - <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u> -

Plaintiff JOSEFINO MARTINEZ by and through the undersigned counsel, hereby files this Complaint against the above-named Defendant, CHAVEZ'S LAWN SERVICES, INC.

## NATURE OF THE CASE

1. This is an action brought by Plaintiff JOSEFINO MARTINEZ, (hereafter "Plaintiff") against his former employer, Defendant CHAVEZ'S LAWN SERVICES, INC. (hereafter referred to as "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiff's employment for Defendant, Plaintiff performed work for Defendant in excess of forty hours in a workweek for which he was not compensated at one-and-a-half times his regular rate of pay. Specifically, Defendant had a practice of deducting rest periods of short duration from Plaintiff's check.

3. Consequently, Defendant was not fully compensating all hours, including those in excess of forty (40) hours in a workweek as required by the FLSA.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Orlando Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Osceola County has the greatest nexus with the cause because it is the place where Defendant conducted business.

## PARTIES

6. Plaintiff, JOSEFINO MARTINEZ, a resident of Osceola County, was a former employee of Defendant who worked at CHAVEZ'S LAWN SERVICES, INC.

7. Plaintiff, JOSEFINO MARTINEZ, is an employee as defined by the laws under which this action is brought.

8. Defendant CHAVEZ'S LAWN SERVICES, INC. is an employer as defined by the laws under which this action is brought.

9. Defendant CHAVEZ'S LAWN SERVICES, INC. operates a landscaping and maintenance company.

10. Defendant CHAVEZ'S LAWN SERVICES, INC. is a corporation organized and existing under and by virtue of the laws of Florida.

## COVERAGE

11. Defendant CHAVEZ'S LAWN SERVICES, INC. is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

12. Defendant CHAVEZ'S LAWN SERVICES, INC. is engaged in commerce as defined by 29 U.S.C. § 203, inter alia, by accepting payment from its customers through the use of credit cards, wire transfers and/or checks from banks located outside the state of Florida, and by purchasing (and or/renting) materials and/or equipment, pesticides, insecticides, fertilizer, plants, grass, sod, and a plethora of other items, each manufactured across state lines, for the purpose of providing landscaping and maintenance services.

13. Upon information and belief, Defendant's annual gross volume of sales exceeded $500,000/year at all relevant times.

14. Defendant CHAVEZ'S LAWN SERVICES, INC. is an employer within the definition of the FLSA, 29 U.S.C. § 203.

15. During the term of his employment, Plaintiff JOSEFINO MARTINEZ was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

16. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendant.

17. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. §§ 207 and 206.

## FACTUAL BACKGROUND

18. Plaintiff JOSEFINO MARTINEZ was employed by Defendant CHAVEZ'S LAWN SERVICES, INC. from 2005 to January 2020.

19. Plaintiff held a landscaper position at the time of separation.

20. Plaintiff's duties included maintenance and landscaping.

21. Plaintiff was an hourly employee.

22. Plaintiff's last hourly rate was $14.00 per hour.

23. During his employment with Defendant, Plaintiff was classified as non-exempt.

24. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

25. Plaintiff worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one-and-one-half times his regular rate of pay. Specifically, Defendant had a practice of deducting rest periods of short duration from Plaintiff's weekly check that should have been counted as hours worked and compensated at Plaintiff's overtime rate.

26. Defendant CHAVEZ'S LAWN SERVICES, INC. was aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

27. Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

28. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is unknown.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

29. Plaintiff JOSEFINO MARTINEZ re-alleges and incorporates the allegations contained in Paragraphs 1 through 29 above.

30. Defendant CHAVEZ'S LAWN SERVICES, INC. failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

31. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

32. As a result of Defendant's willful violation of the FLSA, Plaintiff JOSEFINO MARTINEZ is entitled to damages, liquidated damages, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSEFINO MARTINEZ respectfully requests judgment against Defendant CHAVEZ'S LAWN SERVICES, INC., and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);

e. Such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

33. Plaintiff requests a jury trial to the extent authorized by law.

Dated: February 1, 2020.                    Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
1936 W MLK Blvd.
Suite 206
Tampa, Florida 33607
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 866.593.6771
 WagesDue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com